IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| **NORTHWESTERN CORPORATION** d/b/a **NORTHWESTERN ENERGY** | ) ) ) | CV-08-04-BLG-RFC |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | **ORDER** |
| **ECONOMIC RESEARCH GROUP, INCORPORATED** | ) ) ) | |
| **Defendant.** | ) ) | |

On March 21, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that Defendant's Motion to Dismiss be granted, without prejudice in part, and denied in part.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Defendant filed an objection on April 4, 2008. Plaintiff did not respond. Defendant's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1). Defendant's objections are not well taken.

After a *de novo* review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

**A. Parole Evidence.**

With respect to Count I (Declaratory Relief) and II (Breach of Contract), Defendant objects to certain parole evidence admitted by the Magistrate Judge. Specifically, the evidence that Northwestern agreed to pay ERS on some other basis or up to a fixed amount, rather than an hourly basis as stated in the agreement. Defendant argues that both Count I and II should be dismissed with prejudice because Plaintiff failed to plead an exception to the parole evidence rule. However, Mont. Code Ann § 28-2-905(2) provides an exception to the parole evidence rule as follows:

> (2) This section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as described in 1-4-102, or other evidence to explain an extrinsic ambiguity or to establish illegality or fraud. Id.

The Magistrate Judge points out that Plaintiff made allegations of deceit, actual fraud and constructive fraud. Further, the Magistrate Judge recommended, and this Court agrees, that Plaintiff's claims for Deceit and Actual Fraud should be dismissed without prejudice. Consequently, a Motion to Dismiss under Rule 12(b)(6) with respect to Counts I and II is premature in light of the exception set forth in Mont. Code Ann § 28-2-905(2) cited above. The Court finds that the Magistrate Judge's Findings and Recommendation with respect to Count I and II are grounded in law and ought to be adopted.

**B. Breach of the Covenant of Good Faith and Fair Dealing.**

Defendant argues that Count III should be dismissed with prejudice on the basis that there is no plausible good faith argument to support Plaintiff's claim. The Magistrate Judge invoked the

presumption against rejecting a claim under rule 12(b)(6) and found that Plaintiff's Complaint met the basic requirements of Rule 8(a)(2).   Considering the simplified liberal notice pleading standard, this Court agrees with the Magistrate Judge's Recommendation.

**C.  Negligent Misrepresentation.**

Defendant argues that Count IV alleging Negligent Misrepresentation ought to be dismissed simply because Plaintiff did not specifically plead a misrepresentation of a past or existing fact.  As stated above, the Magistrate Judge properly invoked the simplified standards for notice pleading requirements in a Federal Court.  After reviewing Count IV and paragraphs 47-51 of Plaintiff's Complaint, this Court agrees with the Magistrate Judges' recommendation.

**D. Punitive Damages.**

Finally, Defendant argues that Count VIII claim for punitive damages must be dismissed because such a claim cannot stand alone.  Defendant provides the Court with no authority for its argument.  Nevertheless, as noted above, the Magistrate Judge properly recommended dismissal of some of the Plaintiff's fraud based claims *without* prejudice.  Consequently, this Court agrees with the Magistrate Judge that dismissing any claim for punitive damages is premature at this juncture.

Accordingly, **IT IS HEREBY ORDERED** that Defendants Motion to Dismiss (*Doc. #3*) be **GRANTED**, without prejudice, as to Counts V and VI in accordance with the Magistrate Judge's Findings and Recommendation.  Defendants Motion to Dismiss is **DENIED** as to Counts I, II, III, IV, VII and VIII.

The Clerk of Court shall notify the parties of the making of this Order.

DATED this 24th Day of June, 2008.

                                                  _*/s/ Richard F. Cebull*_____
                                                  RICHARD F. CEBULL
                                                  U. S. DISTRICT JUDGE